UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.: 6:13-CV-1482-ORL-22GJK

**MICHAEL HAMPTON p/k/a D.J. MAGIC MIKE,**

    **Plaintiff,**

vs.

**WARLOCK RECORDS, INC.,**
a New York corporation

**ADJO, INC.,**
a Pennsylvania corporation

**PHASE ONE NETWORK, INC.,**
a New Jersey corporation

**PHASE ONE COMMUNICATIONS, INC.,**
a New Jersey corporation

and

**ADAM LEVY,**

    **Defendants.**
_____/

## MOTION FOR LEAVE TO EXTEND CASE MANAGEMENT DEADLINES

Plaintiff, by and through his undersigned attorneys and pursuant to the Federal Rules of Civil Procedure files this Motion to Extend Case Management Deadlines and as grounds therefore states:

1. This action was filed to recover damages resulting from Defendants' Copyright Infringement, Breach of Contract and lack of Accounting in relation to several copyrighted works.

2. On or about May 20, 2014, Plaintiff served Defendants, WARLOCK RECORDS, INC., ADJO, INC. and ADAM LEVY, with Plaintiff's initial discovery including Requests to Produce and Interrogatories.

1

3. Defendants requested an extension from the Plaintiff, which was granted.
4. On or about July 17 2014, Defendants discovery responses were served on Plaintiff.
5. On August 5, 2014, Plaintiff amended his complaint to add the Defendants, PHASE ONE NETWORK, INC. and PHASE ONE COMMUNICATIONS, INC.  (dkt. 34).
6. Plaintiff was unable to fully review the Defendants' discovery responses and make a determination about amendment until this week, after the deadline.
7. Defendants take the position that since 2009 another entity has exploited the musical compositions and recordings at issue.
8. Based on the discovery produced, Plaintiff wants to add additional parties that being PHASE ONE NETWORK, INC. and PHASE ONE COMMUNICATIONS, INC.
9. Defendants, PHASE ONE NETWORK, INC. and PHASE ONE COMMUNICATIONS, INC. have not yet responded to Plaintiff's Complaint.  (see dkt. 40 granting an extension of time to respond to Plaintiff's Complaint.)
10. On April 25, 2014, this Court entered a Case Management Order with corresponding deadlines.  (dkt. 30).
11. Given the addition of the parties, these dates have become difficult to meet.

12. Plaintiff would request the following amendments be made to the Case Management Order:

| DEADLINE OR EVENT | NEW DATE |
|---|---|
| Disclosure of Expert Reports<br><br>Plaintiff:<br><br>Defendants: | March 2, 2015<br>March 23, 2015 |
| Discovery Deadline | May 4, 2015 |
| Dispositive Motions, *Daubert,* and *Markman* Motions | June 8, 2015 |
| Meeting *In Person* to Prepare Joint Final Pretrial Statement | August 21, 2015 |
| Joint Final Pretrial Statement (*Including* a Single Set of Jointly-Proposed Jury Instructions and Verdict Form (with diskette), Voir Dire Questions, Witness Lists, Exhibit Lists with Objections on Approved Form) | August 31, 2015 |
| All Other Motions Including Motions *In Limine*, Trial Briefs | September 14, 2015 |
| Trial Term Begins | November 2, 2015 |

**WHEREFORE**, Plaintiff request that this Court grant Plaintiff's Motion to Extend the Case Management Deadlines

**CERTIFICATE OF GOOD FAITH EFFORT TO RESOLVE**

The undersigned counsel for the Plaintiff herein certifies that he has conferred with counsel for the Defendants, WARLOCK RECORDS, INC., ADJO, INC. and ADAM LEVY, in a good faith effort to resolve the issues raised by this motion and represents to the court that Defendants' counsel **agrees and consents** to the relief sought in this motion. The undersigned counsel for the Plaintiff herein certifies that on October

2, 1014, October 3, 2014, and October 6, 2014 attempted to conferred with counsel for the Defendants, PHASE ONE NETWORK, INC. and PHASE ONE COMMUNICATIONS, INC., in a good faith effort to resolve the issues raised by this motion and represents to the court that Defendants' counsel has not responded.

## **MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT AND EXTEND SCHEDULING DEADLINE**

      The Court may extend the timelines in the scheduling order for good cause. Fed. R. Civ. P. 16(b). Good cause is established when the amendment is sought in the early stages of litigation and neither party has noticed or taken depositions. *Novo Nordisk, Inc. v. Paddock Laboratories, Inc.*, 797 F. Supp. 2d 926, 929 (D. Minn. 2011). Additionally, where the record establishes there has been no "undue delay or bad faith on the part" of the plaintiff, good cause exists for granting an amendment of the pleadings after the scheduling deadline for such amendments. *Id*. Finally, if the amendment will encourage "a speedy resolution of this action and will not prejudice the Defendant," then the Court may allow and amendment even after the expiration of such deadline in the Court's scheduling order. *AT&T Mobility, LLC v. Digital Antenna, Inc.*, 2010 WL 3608247 *1 (S.D. Fla. 2010).

      In the present case this Court should extend the deadlines. These amendments are early in the litigation, neither party has taken any depositions, and the case has not undergone any undue delay.

## **CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on October 6, 2014, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system that will send a notice of electronic filing to all counsel of record:

      Respectfully submitted,

      THE COYE LAW FIRM
      730 Vassar Street
      Orlando, Florida 32804
      (407) 648-4940--Voice
      (407) 648-4614--Facsimile

      By:/S/ DANIEL E. SMITH_____
      Daniel E. Smith II, Esquire
      Florida Bar No.: 0016249

      dansmith@coyelaw.com
      Attorneys for the Plaintiff