# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

CASE NO.: 6:13-cv-1482-ORL-22GJK

**MICHAEL HAMPTON p/k/a D.J. MAGIC MIKE,**

    **Plaintiff,**

vs.

**WARLOCK RECORDS, INC.,**
a New York corporation

**ADJO, INC.,**
a Pennsylvania corporation

**PHASE ONE NETWORK, INC.,**
a New Jersey corporation

**PHASE ONE COMMUNICATIONS, INC.,**
a New Jersey Corporation

**and**

**ADAM LEVY,**

    **Defendants.**

_____/

## DEFENDANTS PHASE ONE NETWORK, INC. AND PHASE ONE COMMUNICATIONS, INC.'S MOTION TO DISMISS COUNTS IV, V, AND VI OF PLAINTIFF'S SECOND AMENDED COMPLAINT (D.E. 34)

Defendants, PHASE ONE NETWORK, INC. ("Network") and PHASE ONE COMMUNICATIONS, INC. ("Communications") (collectively, the "Phase One Defendants"), by and through their undersigned counsel and pursuant to Federal Rule of Civil Procedure 12, submit the following Motion to Dismiss the Fourth, Fifth, and Sixth[1] Counts of Plaintiff's Second Amended Complaint ("SAC") (D.E. 34), and in support thereof, state as follows:

---

[1] The remaining counts are not directed toward Phase One defendants.

## I. PRELIMINARY STATEMENT

Defendants PHASE ONE NETWORK and PHASE ONE COMMUNICATIONS hereby move this Court to dismiss the Fourth, Fifth, and Sixth Counts of Plaintiff MICHAEL HAMPTON's ("Plaintiff") SAC pursuant to Fed. R. Civ. P 12(b)(6).

The Fourth, Fifth, and Sixth Counts must be dismissed because they are inadequately pled. Count IV, Copyright Infringement, fails to specify which copyrights are being infringed, what is being infringed upon, what specific infringing acts occurred, and when they occurred. D.E. 34 at ¶¶ 33-38. Count V alleges Breach of Contract without claiming that a valid contract exists between the parties or specifying the nature of the breach. *Id.* at ¶¶ 48-52. Count VI demands an Accounting, asserting that there is no adequate remedy at law without providing factual support for this conclusory statement. *Id.* at ¶ 61. In addition to the shortcomings that are particular to each count, the claims also impermissibly lump together the Phase One Defendants, leaving these parties with the impossible task of determining who was purportedly responsible for what action and to what extent. Plaintiff's utter failure to include a description of the parties anywhere within the SAC does not help to shed any light on the issue.

## II. STANDARD OF REVIEW

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)); *see also* Fed. R. Civ. P. 8(a)(2). A claim is facially plausible when the plaintiff provides enough factual content to allow a court to infer that the defendant is liable for the misconduct alleged. *SkyVenture Orlando, LLC v. SkyVenture Mgmt., LLC*, 2009 U.S. Dist. LEXIS 77212, 10 (M.D.

Fla. Aug. 12, 2009) (citing *Ashcroft*, 556 U.S. at 678). Thus, pleadings must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555. "A court considering a motion to dismiss may begin by identifying allegations that, because they are mere conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the complaint's framework, they must be supported by factual allegations." *Iqbal*, 556 U.S. 662, 664 (U.S.2009). The scope of the review should be limited to the four corners of the complaint. *Speaker v. United States HHS CDC & Prevention*, 623 F.3d 1371 (11th Cir. 2010); *St. George v. Pinellas County*, 285 F.3d 1334 (11th Cir. 2002).

### III. ARGUMENT

A pleading presented to a court signifies that the factual contentions therein have evidentiary support, or are at least likely to have such support. Fed. R. Civ. P. 11(b). Yet the Fourth, Fifth, and Sixth Counts of Plaintiff's SAC are full of conclusory allegations that have no factual support. Indeed, Plaintiff even fails to attach any necessary supporting documentation. The pleadings also contravene the standard propounded by case law, as well as that of Federal Rule of Civil Procedure 8, which requires pleadings to contain a short and plain statement demonstrating the pleader's entitlement to relief. Fed. R. Civ. P. 8(a)(2). Accordingly, these claims must be dismissed.

**A. Count IV must be dismissed because it fails to allege sufficient facts about the purported infringement which would allow the Phase One Defendants to frame a meaningful response.**

**1) Count IV does not sufficiently claim that Plaintiff has valid, registered copyrights.**

Pursuant to 17 U.S.C. § 411(a), "no civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim

has been made in accordance with this title." Plaintiff alleges that he is a "composer of certain compositions and author of eleven (11) registered copyrighted albums." (D.E. 34 at ¶ 34). Yet he has not specified which copyright or copyrights are at issue in this lawsuit, effectively forcing the Phase One Defendants to decipher and research which copyright registration(s) is purportedly being infringed.

Further, while Plaintiff vaguely asserts that he has registered copyrights, he provides no factual support for this claim. "[P]roof of registration of the allegedly infringed work remains an element of a cause of action for copyright infringement." *Latin Am. Music Co. v. Media Power Group, Inc*., 705 F.3d 34, 42-43 (1st Cir. 2013) (internal quotation marks, citations, and alteration omitted). The Middle District requires a copyright holder to obtain a certificate of registration from the Copyright Office before bringing suit. *Marc Anthony Builders, Inc. v. Javic Props., LLC*, 2011 U.S. Dist. LEXIS 74706, 7 (M.D. Fla. July 12, 2011). Plaintiff has provided no allegation to support a registration. For this reason alone, the claim fails as a matter of law, and must be dismissed.

> 2) **The allegation of infringement lacks enough specificity to demonstrate a claim for relief.**

Yet these are not the only reasons the claim must be dismissed; the infringement allegation also fails. The SAC asserts that the Phase One Defendants "reproduced, distributed, displayed publicly and/or sold, and continues [sic] to reproduce, distribute, display publicly, and/or sell" Plaintiff's recordings. D.E. 34 at ¶ 37. This claim is inadequate in several ways.

First, the Phase One Defendants' roles in this litigation are entirely unclear. Plaintiff does not even mention the Phase One Defendants anywhere in the SAC until paragraph 37, leaving any given reader to wonder who these Defendants are and where they fit into the "big picture." In addition, as with all the other claims, the Phase One Defendants are impermissibly

intertwined. They are tasked with the insurmountable hurdle of having to determine which activities they are each purportedly responsible for.

Second, Plaintiff fails to identify what is being infringed. As the Eleventh Circuit recently stated:

> A sound recording as copyrightable subject matter must be distinguished from the copyrighted literary, musical or dramatic work embodied in the sound recording and fixed on a phonorecord. When a copyrighted song is recorded on a phonorecord, there are two separate copyrights: one on [sic] the musical composition and the other in the sound recording. The sound recording is the aggregation of sounds captured in the recording while the song or tangible medium of expression embodied in the recording is the musical composition. Thus, the rights of an owner of a copyright in a sound recording do not extend to the song itself. A copyright in the recording and in the song are separate and distinct and by statute are treated differently.

*Saregama India Ltd. v. Mosley*, 635 F.3d 1284, 1289 n. 18 (11th Cir. 2011) (citation omitted.) In the instant case, Plaintiff does not specify which copyright is allegedly being infringed. The Phase One Defendants cannot reasonably be expected to determine this for themselves.

Third, Plaintiff presents no facts about the purportedly-infringing activities. The plain language of the claim uses the phrase "and/or," indicating that Plaintiff does not actually know which activities it is accusing the Phase One Defendants of engaging in. *See* D.E. 34 at ¶ 37. This hardly constitutes a statement demonstrating a right to relief per Fed. R. Civ. P 8(a)(2). Rather, it is a conclusory speculation which must fail under Fed. R. Civ. P. 11(b) and *Iqbal.* Plaintiff has not done his due diligence to find sufficient facts to support his claim.

Ultimately, Plaintiff presents no evidence or even description of the copyright(s) being infringed upon. He presents no detail about the roles of the parties, the nature of the copyright(s), or the infringing acts. As a result, Count IV lacks plausibility on its face and therefore must be dismissed.

**B. Count V, Breach of Contract, must be dismissed because it fails to properly allege a valid contract or a breach thereof.**

Count V confusingly begins by re-alleging paragraphs 1 through 6 and 25 through 39. D.E. 34 at ¶ 40. Yet paragraphs 25 through 32 are specific to Defendants Warlock Records, Inc.; Adjo, Inc.; and Adam Levy. The Phase One Defendants are unable to determine how the allegations against the other Defendants are supposedly related to Network and Communications.

Count V then goes on to allege that Defendants Warlock Records, Inc.; Adjo, Inc.; and Adam Levy entered into a purchase agreement with Network and Communications. *Id*. at ¶ 48. "Pursuant to the terms of the agreement," Network and Communications "obtained certain liabilities and assets" of the other three Defendants. *Id*. at ¶ 49. Network and Communications "have failed and refused, and still fail and refuse, to perform terms of the agreement . . ." *Id*. at ¶50.

As a preliminary matter, the Phase One Defendants note that, like Count IV, Count V impermissibly intermingles Network with Communications, making this claim wholly unclear on its face. The Phase One Defendants cannot ascertain from the plain language of the SAC which party or parties obtained which liabilities and which assets, and which party or parties failed to perform.

In addition, Plaintiff fails to properly make out the elements of a claim for Breach of Contract. In Florida, these elements are: (1) a valid contract; (2) a material breach; and (3) damages. *Dodd v. Woods*, 2010 U.S. Dist. LEXIS 98689, 16-17 (M.D. Fla. Aug. 31, 2010) (internal citations omitted). While Plaintiff successfully meets the third requirement, he nonetheless fails to state a cause of action because he does not assert the first two elements.

Plaintiff fails to allege that there is a valid contract. The mere mention of a third party purchase agreement does not suffice to equate to the allegation of a valid contract between

Plaintiff and Phase One Defendants. *E.g., Sunshine Jr. Stores, Inc. v. Sunshine-Jr. Stores, Inc. (In re Sunshine Jr. Stores, Inc.),* 456 F.3d 1291, 1309 (11th Cir. Fla.2006) (finding an acquisition via purchase insufficient to support an assumption of contractual obligations); *Principal Bank v. First Am. Mortg., Inc.*, 2012 U.S. Dist. LEXIS 17828, 20-21 (M.D. Fla. Feb. 14, 2012) (finding no valid contract based on the allegation of a Participation Agreement wherein certain representations and warranties were made). Plaintiff also does not attach a copy of the purported contract to the SAC, further impeding the Phase One Defendants' efforts to ascertain the validity of whatever document Plaintiff is referring to. A reader is required to go well beyond the four corners of the complaint in order to learn anything about this purchase agreement.

Plaintiff is also unsuccessful in his efforts to assert a plausible breach. To withstand a motion to dismiss, the allegations of a breach of contract must identify the contractual provision purportedly breached. *See Adkins v. Cagle Foods JV, LLC*, 441 F.3d 1320, 1327 (11th Cir. 2005). Yet in the instant case, <u>no facts</u> about the contract itself are provided. Plaintiff fails to describe any of the provisions of the agreement in any way. He does not allege the parties' obligations under the agreement, and so it is unclear what the Phase One Defendants were supposed to have done to "perform". There is simply not enough information alleged for a reader to surmise even the existence of an obligation, let alone any breach. Phase One Defendants were not a party to, nor have they ever seen the agreement between Plaintiff and the other named defendants. Thus, the alleged ongoing failure and refusal to adhere to the terms of the agreement is not really a <u>claim</u> of breach, but a <u>recitation of certain elements</u> of a breach. *See* D.E. 34 at 11. As stated in *Twombly*, a formulaic recitation does not suffice to make out a claim. 550 U.S. at 555.

Finally, Plaintiff requests fees and costs as part of his relief without setting forth any reason for this request. However, fees and costs are not simply granted as a matter of course; there must be some legal authority establishing an entitlement to fees. *Owner-Operator Indep. Drivers Ass'n v. 4 Points Logistics, LLC*, 2007 U.S. Dist. LEXIS 50865, 11 (M.D. Fla. July 12, 2007). As with the remainder of the claims, Plaintiff must allege sufficient facts to demonstrate a basis for his purported entitlement. And as with the remainder of the claims, he has not done so. He does not specify a statute that would entitle him to fees and costs, nor does he assert that the alleged agreement contained a provision for attorneys' fees. Hence, such a request for attorneys' fees must be dismissed and/or stricken. *E.g., Placida Prof'l Ctr., LLC v. FDIC*, 512 Fed. Appx. 938, 941 (11th Cir. 2013) (finding that the plaintiff was not entitled to attorneys' fees because the controlling documents did not contain any provisions for such fees).

The allegations of a valid contract and the breach thereof lack any sort of detail. There is not enough factual content in this claim to allow a court to infer that the Phase One Defendants are liable for any sort of misconduct. *See SkyVenture Orlando,* 2009 U.S. Dist. LEXIS 77212 (setting this standard for plausibility). Further, Plaintiff provides no basis for his request for attorneys' fees and costs. For all of these reasons, Count V must be dismissed.

**C. In Count VI, Plaintiff concludes that he is entitled to an accounting without providing any factual support for this assumption.**

As with the other two Counts, Plaintiff's final claim against the Phase One Defendants again improperly combines Network and Communications. It is no clearer which party or parties Plaintiff refers to in Count VI, than it is in Counts IV or V.

"Under Florida law, a party that seeks an equitable accounting must show that: 1) the parties share a fiduciary relationship or that the questioned transactions are complex, and 2) a remedy at law is inadequate." *Traditions Senior Mgmt. v. United Health Adm'rs, Inc*., 2013 U.S.

Dist. LEXIS 90627, 13-14 (M.D. Fla. June 27, 2013) (quoting *Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1071 (11th Cir. 2007)).

Plaintiff does not allege a fiduciary relationship. And, while Plaintiff does allege that the money owed by Defendants is extensive and/or complicated,[2] he presents no factual allegations to support that conclusion. To claim that a product is sold nationally and through third parties does not rise to the level of complication; instead, the determination of complexity is fact specific. *Id*. at 14. Plaintiff does not present <u>any</u> facts about the transactions between the parties, between Network and any third parties, or between Communications and any third parties. Thus, Plaintiff's allegations are insufficient to warrant an accounting.

Moreover, "[i]t is well established that an equitable claim can only be maintained where there is no adequate remedy at law." *ATLC, Ltd. v. Eastman Kodak Co*., 2011 U.S. Dist. LEXIS 123455, 15 (M.D. Fla. Oct. 25, 2011) (citation omitted). Plaintiffs provide no explanation as to why a remedy at law would be inadequate in the instant case. A legal remedy cannot be deemed inadequate simply because the determination of damages may require an examination of financial records. *Id*. at 16 (finding that the accounting sought would be obtained in discovery).

Plaintiff then goes on to request attorneys' fees and costs. It is incongruous for him to request legal relief for an equitable claim. Yet a more important issue is that, as discussed in subsection B herein, Plaintiff does not propound any basis for this request, and his failure to do so is incurable. *See Main v. Benjamin Foster Co*., 141 Fla. 91, 96 (Fla.1939) ("It is . . . well settled that attorneys' fees can be recovered only when authorized by contract or statute."); *see also Shibata v. Lim*, 133 F. Supp. 2d 1311, 1320 (M.D. Fla.2000) ("Under Florida law, a party is not entitled to recover attorney's fees unless there is a statute that permits it, or unless there is a

---

[2] The Phase One Defendants again note that the use of the term "and/or" evidences Plaintiff's uncertainty as to whether the accounts are extensive, complicated, or both.

contract which permits it."). As Plaintiff does not claim that he is entitled to relief under a statute or the purchase agreement, he must be ineligible to recover.

Ultimately, Plaintiff's claim for an accounting is yet again a bare bones and conclusory recitation of the elements of a cause of action. There is simply not enough factual allegations set forth to put the Phase One Defendants on notice of why the accounting is being demanded. Further, nothing is alleged which could possibly justify Plaintiff's demand of fees and costs. Accordingly, this claim must be dismissed.

### IV. CONCLUSION

Plaintiff's pleadings are inadequate to the point that they are unintelligible. The allegations are so conclusory and lacking in factual support that one cannot reasonably infer that Defendants Network and Communications are liable for anything. To allow such pleadings to stand would contravene both the Federal Rules of Civil Procedure and well-established case law.

WHEREFORE, Defendants PHASE ONE NETWORK, INC. and PHASE ONE COMMUNICATIONS, INC. respectfully request this Court dismiss the Fourth, Fifth, and Sixth Counts of the Second Amended Complaint with prejudice. Phase One Network and Phase One Communications also request an award of their attorneys' fees and costs related to the filing of this motion, and any further relief as the Court sees just and proper.

Dated: October 15, 2014

Respectfully submitted,
s:/ *Lorri Lomnitzer*
Lorri Lomnitzer, Esq.
Florida Bar No. 37632
Lorri@Lomnitzerlaw.com
THE LOMNITZER LAW FIRM, P.A.
7999 N. Federal Highway, Ste. 200
Boca Raton, FL 33487
Telephone: (561) 953-9300

Direct: (561) 953-9301
Fax: (561) 953-3455
*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 15, 2014, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the following service list via transmission of Notices of Electronic Filing generated by CM/ECF.

*/s/ Lorri Lomnitzer*
Lorri Lomnitzer
Fla. Bar. No.: 37632

**SERVICE LIST**

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**
**CASE NO.: 6:13-cv-1482-ORL-22GJK**

Daniel E. Smith II
Florida Bar No.: 16249
dansmith@coyelaw.com
The Coye Law Firm
730 Vassar Street
Orlando, FL 32804
Telephone: (407) 648-4940
Fax: (407) 648-4614
(Counsel for Plaintiff)

4816-0283-0879, v. 1