MICHAEL HAMPTON,

        Plaintiff,

v.                                    Case No:  6:13-cv-1482-Orl-22GJK

WARLOCK RECORDS, INC., ADJO,
INC., ADAM LEVY, PHASE ONE
NETWORK, INC., and PHASE ONE
COMMUNICATIONS, INC.,

        Defendants.

## ORDER

This case is before the Court on the Motion to Dismiss Counts IV, V, and VI of Plaintiff's Second Amended Complaint (Doc. 47) filed by Defendants Phase One Network, Inc., and Phase One Communications, Inc. (collectively "the Phase One Defendants"). Plaintiff has filed a Response (Doc. 53) to the motion. As set forth below, the Court grants the motion, but Plaintiff will be permitted to replead these counts.

## I.      Background

On September 24, 2013, Plaintiff filed this lawsuit against Warlock Records, Inc., Adjo, Inc., and Adam Levy (collectively "the Warlock Defendants"), alleging claims of copyright infringement (Count I), breach of contract (Count II), and accounting (Count III). (Compl., Doc. 1). In his Second Amended Complaint (Doc. 34), which was filed on August 5, 2014, Plaintiff added the Phase One Defendants as parties. Against the Phase One Defendants, Plaintiff also alleges claims of copyright infringement (Count IV), breach of contract (Count V), and accounting (Count VI). The Phase One Defendants now move to

dismiss each of these counts under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim for which relief can be granted.

## II.    Legal Standards

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2). "'[D]etailed factual allegations'" are not required, but "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570).  In considering a motion to dismiss brought under Federal Rule of Civil Procedure 12(b)(6), a court limits its "consideration to the well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed." La Grasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004).

## III.   Discussion

### A.    Count IV—Copyright Infringement

In Count IV of the Second Amended Complaint, Plaintiff alleges that he is a recording artist, a composer, and the author of eleven registered copyrighted albums, (Second Am. Compl. ¶ 34), and that the Phase One Defendants "reproduced, distributed, displayed publicly and/or sold, and continue[] to reproduce, distribute, display publicly, and/or sell" Plaintiff's recordings and have thereby infringed his copyright, (id. ¶¶ 37-38). The Phase One Defendants argue in their motion to dismiss that the pleading of this claim is deficient for several reasons.

First, the Phase One Defendants assert that Plaintiff "has not specified which copyright or copyrights are at issue in this lawsuit" but instead has only vaguely asserted that he has registered copyrights. (Doc. 47 at 4). The Court agrees. Rather than providing the number of the copyright registrations or describing the copyrights at issue in any meaningful way, Plaintiff has merely alleged that he is the "author of eleven (11) registered copyrighted albums." (Second Am. Compl. ¶ 34). This assertion does not satisfy the pleading requirements of Rule 8 or Twombly and Iqbal. Plaintiff has not put the Phase One Defendants on notice of what copyrights he allegedly owns or which of those copyrights they have allegedly infringed.

The Phase One Defendants also assert that Plaintiff's allegations of infringement are deficient because Plaintiff lumps these two Defendants together rather than specifying which of them did what; does not identify what is being infringed—that is, does not specify whether a musical composition or a sound recording is being infringed[1]; and presents no facts about the activities that allegedly amount to infringement, including when the alleged infringement occurred. The Court also agrees with these arguments. The allegations in Count IV do not provide fair notice to the Phase One Defendants of the basis of Plaintiff's copyright claim and the grounds upon which it rests. Repleading of this claim is therefore required.

---

[1] See Saregama India Ltd. v. Mosley, 635 F.3d 1284, 1289 n.18 (11th Cir. 2011) ("'When a copyrighted song is recorded on a phonorecord, there are two separate copyrights: one on [sic] the musical composition and the other in the sound recording. . . . A copyright in the recording and in the song are separate and distinct and by statute are treated differently.'" (alteration in original) (quoting T.B. Harms Co. v. Jem Records, Inc., 655 F. Supp. 1575, 1576 n.1 (D.N.J. 1987))).

### B.    Count V—Breach of Contract

In Count V, Plaintiff alleges that in March 2000, he filed suit against the Warlock Defendants and that in October 2000 he and the Warlock Defendants "reached an agreement." (Second Am. Compl. ¶¶ 43 & 45). He further alleges that he and the Warlock Defendants entered into an agreement in or about October 2000 in which Plaintiff licensed his recordings "in exchange for," among other things, "the Defendants paying Plaintiff mechanical royalties on a semi-annual basis computed at the statutory rate." (Id. ¶ 46). Additionally, Plaintiff alleges that in or about September 2009, the Warlock Defendants and the Phase One Defendants entered into a purchase agreement pursuant to which the Phase One Defendants "obtained certain liabilities and assets of" the Warlock Defendants, including obligations to Plaintiff under the October 2000 agreement. (Id. ¶¶ 48-50). Plaintiff alleges that he performed under the terms of the agreement but that the Phase One Defendants "have failed and refused, and still fail and refuse, to perform terms of the agreement to be performed on their part." (Id. ¶¶ 51-52).

The Phase One Defendants argue that this count, like Count IV, lumps them together, making it impossible to ascertain which of them allegedly did what. They also argue that this claim is insufficiently pleaded because Plaintiff does not properly allege a valid contract or a material breach of a contract. The Phase One Defendants note that Plaintiff did not attach a copy of the purported contract to the Second Amended Complaint, and they argue that Plaintiff has failed to allege the parties' obligations under the agreement or what the Phase One Defendants were supposed to have done in order to perform under the alleged agreement. Finally, the Phase One Defendants argue that Plaintiff requests attorney's fees in this count without asserting a basis for such a request.

4

A plaintiff is not required to attach a contract to the complaint in order to successfully allege a breach of contract claim. See, e.g., Westfield Ins. Co. v. Accessibility Specialists, Inc., No. 3:10-cv-1140-J-32TEM, 2011 WL 2911528, at *2 (M.D. Fla. July 19, 2011). Thus, to the extent the Phase One Defendants base their motion to dismiss Count V on the fact that no contract was filed with the complaint, the motion fails. However, other grounds argued by the Phase One Defendants do warrant dismissal and repleading of this count.

Plaintiff does allege the existence of a contract between himself and the Warlock Defendants, and he also alleges that the Phase One Defendants assumed the Warlock Defendants' obligations under that contract by virtue of a second agreement between the Warlock Defendants and the Phase One Defendants. Plaintiff has not, however, alleged how the Phase One Defendants have breached their obligations to Plaintiff or described what "terms of the agreement" they failed to perform. And, as with Count IV, no distinction is made between the two Phase One Defendants. Finally, Plaintiff has not identified a basis for an award of attorney's fees in this count, and in his opposition memorandum Plaintiff does not address this issue at all. Plaintiff will be required to replead his breach of contract claim, and in repleading he shall not request attorney's fees without alleging a basis for an award of such fees.

### C.      Count VI—Accounting

In Count VI, Plaintiff brings a claim for an accounting. Plaintiff alleges that as a result of their actions the Phase One Defendants have received and continue to receive money, a portion of which is due to Plaintiff. (Second Am. Compl. ¶ 55). Additionally, Plaintiff alleges that "[t]he amount of money due from Defendants to Plaintiff is extensive and/or complicated, as Defendant has promoted, distributed and/or sold [the recordings] nationwide and through third parties" and that "[d]ue to the extensive and/or complicated

accounts the amount due is unknown and cannot be ascertained without an accounting." (Id. ¶¶ 56-57). Finally, Plaintiff alleges in this count that "[t]o the extent that Plaintiff has no adequate remedy at law, as it is not clear that any remedy at law is as full, adequate and expeditious as it is in equity, Plaintiff is entitled to the provision of accounting." (Id. ¶ 61).

"Under Florida law, a party seeking an equitable accounting must [ultimately] show the existence of a fiduciary relationship or a complex transaction and must demonstrate that the remedy at law is inadequate." Kee v. Nat'l Reserve Life Ins. Co., 918 F.2d 1538, 1540 (11th Cir. 1990). Plaintiff has not alleged the existence of a fiduciary relationship, and the Phase One Defendants argue that this count fails to state a claim because Plaintiff does not provide factual allegations supporting his allegation of complexity or that there is no adequate remedy at law. The Court agrees. Cf. ATLC, Ltd. v. Eastman Kodak Co., No. 6:11-cv-855-Orl-31GJK, 2011 WL 5080299, at *5 (M.D. Fla. Oct. 25, 2011) (dismissing accounting claim where plaintiff had adequate remedy at law for breach of settlement agreement, there "was no reason to suggest that calculation of damages in this case would be overly complicated," and the "'accounting' sought [could] be obtained by discovery"). However, Plaintiff will be afforded an opportunity to replead this claim.

Plaintiff also requests attorney's fees in this count, and, as with Count V, he provides no response to the Phase One Defendants' argument that no legal basis for attorney's fees has been asserted. Upon repleading, Plaintiff shall not again request attorney's fees in Count VI without alleging a basis therefor.

## IV.  Conclusion

In accordance with the foregoing, it is **ORDERED** that:

1. The Motion to Dismiss Counts IV, V, and VI (Doc. 47) filed by Defendants Phase One Network, Inc., and Phase One Communications, Inc., is

6

**GRANTED**.  Counts IV, V, and VI of the Second Amended Complaint (Doc.

34) are **DISMISSED without prejudice**.

2. Plaintiff may file a third amended complaint **on or before Monday, December 22, 2014**.  **Failure to file a third amended complaint by this deadline will result in dismissal of Counts IV, V, and VI with prejudice**.

**DONE** and **ORDERED** in Orlando, Florida, on December 8, 2014.


_____
ANNE C. CONWAY
United States District Judge



Copies furnished to:
Counsel of Record