UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.: 6:13-cv-1482-ORL-22GJK

**MICHAEL HAMPTON p/k/a D.J. MAGIC MIKE,**

    Plaintiff,

vs.

**WARLOCK RECORDS, INC.,**
a New York corporation

**ADJO, INC.,**
a Pennsylvania corporation

**PHASE ONE NETWORK, INC.,**
a New Jersey corporation

**PHASE ONE COMMUNICATIONS, INC.,**
a New Jersey Corporation

**and**

**ADAM LEVY,**

    Defendants.
_____/

## DEFEDANTS PHASE ONE NETWORK, INC. AND PHASE ONE COMMUNICATIONS, INC.'S ANSWER & AFFIRMATIVE DEFENSES

Defendants, PHASE ONE NETWORK, INC. ("Network") and PHASE ONE COMMUNICATIONS, INC. ("Communications") (collectively, "Phase One"), by and through the undersigned attorney, answer the Third Amended Complaint ("TAC") filed by Plaintiff Michael Hampton ("Plaintiff" or "Hampton"), stating as follows:

1. Admitted for jurisdictional purposes only.

2. Phase One are without knowledge regarding the truth of the allegations contained in Paragraph 2 of the Complaint and therefore deny same.

3. Phase One are without knowledge regarding the truth of the allegations contained in Paragraph 2 of the Complaint and therefore deny same.

4. Denied.

5. Phase One are without knowledge regarding the truth of the allegations contained in Paragraph 5 and demand strict proof thereof.

6. Phase One are without knowledge regarding the truth of the allegations contained in Paragraph 6 and therefore deny same and demand strict proof thereof.

7. Paragraphs 7 through 27 of the TAC specify that they do not apply to Phase One; therefore, no response is required from these Defendants.

--- Counts I and II are not directed at Phase One Defendants.

28. Phase One incorporate by reference their responses to Paragraphs 1 through 6 as if fully set forth herein.

29. Phase One are without knowledge regarding the truth of the allegations contained in Paragraph 29 and therefore deny same and demand strict proof thereof.

30. Phase One are without knowledge regarding the truth of the allegations contained in Paragraph 30 as written and demand strict proof thereof.

31. Phase One are without knowledge regarding the truth of the allegations contained in Paragraph 31 and therefore deny same and demand strict proof thereof.

32. Phase One are without knowledge regarding the truth of the allegations contained in Paragraph 32 and therefore deny same and demand strict proof thereof.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Phase One incorporate by reference their responses to Paragraphs 1 through 6 as if fully set forth herein.

39. Phase One are without knowledge regarding the truth of the allegations contained in Paragraph 39 and are therefore unable to admit or deny them.

40. Phase One are without knowledge regarding the truth of the allegations contained in Paragraph 40 and demand strict proof thereof.

41. Phase One are without knowledge regarding the truth of the allegations contained in Paragraph 41 and therefore deny same and demand strict proof thereof.

42. Phase One are without knowledge regarding the truth of the allegations contained in Paragraph 42 and therefore deny same and demand strict proof thereof.

43. Phase One are without knowledge regarding the truth of the allegations contained in Paragraph 43 and demand strict proof thereof.

44. Phase One are without knowledge regarding the truth of the allegations contained in Paragraph 44 and demand strict proof thereof.

45. Phase One are without knowledge regarding the truth of the allegations contained in Paragraph 40 and demand strict proof thereof.

46. Phase One are without knowledge regarding the truth of the allegations contained in Paragraph 40 and demand strict proof thereof.

47. Phase One are without knowledge regarding the truth of the allegations contained in Paragraph 47 and demand strict proof thereof.

48. Admitted as to Warlock Records only.

49. Admitted in part and denied in part. Communications admits that it obtained "assets of the Defendants," but denies that it obtained "certain liabilities . . . of the Defendants."

50. Denied.

51. Denied.

52. Denied as phrased.

53. Phase One are without knowledge regarding the truth of the allegations contained in Paragraph 53 and demand strict proof thereof.

54. Denied as phrased.

55. Denied.

Phase One adds that they intend to seek attorneys' fees and costs which it is incurring in the defense of this litigation.

## **REQUEST FOR JURY TRIAL**

Defendant requests a trial by Jury of all issues so triable.

## **AFFIRMATIVE DEFENSES**

Phase One assert the following affirmative defenses to the claims raised by Plaintiff:

1.  **Failure to state a claim for relief**. The TAC fails to state a claim for which relief may be granted.

2.  **Lack of personal jurisdiction.** This Court does not have personal jurisdiction over Phase One.

3.  **Lack of privity**. Plaintiff has failed to demonstrate privity between himself and Phase One.

4.  **Laches**. Plaintiff waited an unreasonably long time to bring suit against Phase One.

5.  **Lack of consideration**. There is no consideration on behalf of Plaintiff.

6. **Vexatious litigation**. Plaintiff knowingly has no basis for his suit against Phase One and has filed the suit merely to harass them.

7. **Statute of Frauds.** Plaintiff's claims are barred by the statute of fraud.

8. **Statute of Limitations.** Plaintiff's claims are barred by the statute of limitations.

9. **Lack of subject matter jurisdiction.** Plaintiff's claims are barred as to the copyright claims because of the lack of valid copyright registrations.

10. Plaintiff has failed to mitigate his damages.

11. Plaintiff's claims for damages under the Copyright Act are barred as a result of the foregoing.

Dated: January 20, 2015

Respectfully submitted,

By:/s/ Lorri Lomnitzer
Lorri Lomnitzer
Florida Bar No.: 37632
Lorri@Lomnitzerlaw.com
The Lomnitzer Law Firm, P.A.
7999 N. Federal Highway, Suite 200
Boca Raton, FL 33487
Telephone: (561) 953-9300
Direct:      (561) 953-9301
Fax:         (561) 953-3455

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 20, 2015, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the following service list via transmission of Notices of Electronic Filing generated by CM/ECF.

*/s/ Lorri Lomnitzer*
Lorri Lomnitzer
Fla. Bar. No.: 37632

**SERVICE LIST**

**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
CASE NO.: 6:13-cv-1482-ORL-22GJK**

Daniel E. Smith II
Florida Bar No.: 16249
dansmith@coyelaw.com
The Coye Law Firm
730 Vassar Street
Orlando, FL 32804
Telephone: (407) 648-4940
Fax: (407) 648-4614
(Counsel for Plaintiff)